UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 6:13-0111 |
|---|---|---|
|  |  | CIVIL NO. 6:15-2039 |
| VERSUS | * | JUDGE HAIK |
| JOSE FRANCISCO MARTINEZ DELEON | * | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

Pending before the undersigned for Report and Recommendation is the Motion to Vacate filed pursuant to 28 U.S.C. § 2255 by *pro se* petitioner, Jose Francisco Martinez DeLeon. [rec. doc. 36]. For the following reasons, the undersigned recommends that the Motion be **DENIED AND DISMISSED WITH PREJUDICE** on the merits and, alternatively, because petitioner's sentencing disparity claim is procedurally defaulted.

BACKGROUND

On April 10, 2013, Jose Francisco Martinez DeLeon was indicted on one count of illegal re-entry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b)(2), and an arrest warrant was issued. [rec. docs. 1 and 5]. Petitioner was arrested the next day, April 11, 2013. [rec. doc. 13].

On May 22, 2013 petitioner plead guilty. [rec. doc. 21]. After preparation of a Pre-Sentence Investigation Report ("PSI"), petitioner was sentenced to 48 months imprisonment on November 19, 2013. [rec. docs. 31, 27, 34]. The PSI determined petitioner's base offense level to be 8 pursuant to USSG § 2L1.2(a). A 16 level enhancement was applied because petitioner had previously been convicted of a drug

trafficking felony for which he was sentenced to over 13 months imprisonment pursuant to USSG § 2L1.2(b)(1)(A). Petitioner was granted a 3 level decrease for his acceptance of responsibility pursuant to USSG § 3E1.1.  Petitioner's total offense level was therefore 21.  Based on petitioner's Criminal History Category of III, petitioner's Guidelines Sentencing range was 46 to 57 months imprisonment. [*See* rec. doc. 31]. He was sentenced to 48 months in the custody of the Bureau of Prisons. [rec. doc. 29].

Petitioner's appeal was dismissed as frivolous by the Fifth Circuit on June 17, 2014, after counsel filed an *Anders*[1] brief. [rec. doc. 35, *United States v. Martinez DeLeon*, No. 13-31238 (5th Cir. 2014)].

The instant motion to vacate was filed on July 13, 2015. [rec. doc. 36].  Petitioner argues that his sentence reflects an unwarranted sentencing disparity because he could not participate in a "fast-track" program and thereby receive a four level reduction in his Sentencing Guidelines range.[2]  Petitioner therefore asserts that he is entitled to re-sentencing

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] The "Fast–Track" program generally allows defendants in certain districts to participate in an early case disposition program in exchange for a potential four-level reduction in their Guidelines range. See U.S.S.G. § 5K3.1.

## LAW AND ANALYSIS

**Claims Properly Considered in this §2255 Motion/Scope of Review**

A federal prisoner may collaterally attack his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Section 2255 provides four grounds justifying relief:  (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

While this language appears broad, the scope of review is actually narrow.  The Supreme Court and the Fifth Circuit have emphasized repeatedly that "a collateral challenge may not do service for an appeal."  *United States v. Shaid,* 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992) *citing United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584 (1982).

Following a conviction and exhaustion or waiver of the right to direct appeal, federal courts presume a defendant stands fairly and finally convicted.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir.) *reh. denied* (1998) *citing Shaid,* 937 F.2d at 231-32; *Frady,* 456 U.S. at 164.  As a result, review under § 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude.  *Cervantes,* 132 F.3d at 1109; *Shaid,* 937 F.2d at 232; *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468 (1962).

However, those issues may not be raised for the first time on collateral review without a showing of both cause for the procedural default and actual prejudice resulting from the error. *Cervantes,* 132 F.3d at 1109; *Shaid,* 937 F.2d at 232 *citing Frady,* 456 U.S. at 166. The only exception to the cause and prejudice requirement is the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent" *Shaid*, 937 F.2d at 232; *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986). To establish actual innocence petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 (1998) (internal quotations and citations omitted). In this context, "actual innocence" means factual innocence, not mere legal insufficiency. *Id*.

Other types of error may not be raised under § 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *Cervantes*, 132 F.3d at 1109 *citing United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.), *cert. denied*, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992). The standard to establish a "fundamental miscarriage of justice" is the same as the "actually innocent" standard. *United States v. Sorrels*, 145 F.3d 744, 749 fn. 3 (5th Cir. 1998) (citations omitted).

Under the applicable law, petitioner's sentencing disparity claim is procedurally barred and may not properly be considered in this § 2255 Motion as this claim was not

presented on direct appeal and petitioner has failed to demonstrate either cause or prejudice for his default, his actual innocence or that a miscarriage of justice will result by this Court's refusal to consider this claim.  Although petitioner asserts that he could not have raised this claim on direct appeal because it concerns matters outside the record, namely, the January 31, 2012 Department of Justice memorandum outlining its policy on fast track programs, that memorandum was issued prior to petitioner's Indictment, arrest, plea and sentencing, all of which occurred in 2013, and was publically available on the Department's website.[3] Petitioner's claim is therefore properly denied solely on grounds of procedural default.  Nevertheless, petitioner's claim will be addressed on the merits.

**I. Merits**

Petitioner's sentencing disparity argument is foreclosed by Fifth Circuit precedence. *United States v. Gomez–Herrera*, 523 F.3d 554 (5th Cir. 2008); *see also United States v. Benitez-Benitez*, 507 Fed. Appx. 443 (5th Cir. 2013); *United States v. Ramirez-Perez,* 513 Fed. Appx. 376 (5th Cir. 2013); *United States v. Solis-Arroyo*, 563 Fed. Appx. 298 (5th Cir. 2014).

Moreover, Judge Haik determined a within-Guidelines sentence was appropriate, especially in the light of petitioner's criminal history.  Petitioner has not shown that his sentence was substantively unreasonable, nor has he rebutted the presumption of reasonableness that attaches to his within-Guidelines sentence. *See Id.* at 565-566; *United States v. Luna-Escobedo*, 499 Fed. Appx. 838 (5th Cir. 2013) *citing United States v.*

---

[3]*See* www.justice.gov/sites/default/files/dag/legacy/2012/01/31/fast-track-program.pdf.

*Campos–Maldonado,* 531 F.3d 337, 339 (5th Cir.2008) and *Gomez-Herrera*.; *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). *See also United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009) (rejecting an argument that a within-guidelines sentence is not entitled to a presumption of reasonableness because U.S.S.G. § 2L1.2 is not empirically based); *United States v. Galacia-Tepas*, 537 Fed. Appx. 493 (5th Cir. 2013) (same).

Additionally, petitioner's sentence, which was at the bottom of the Guidelines range, was not constitutionally disproportionate and therefore does not constitute a violation of his Eighth Amendment rights. *United States v. Banda*, 505 Fed. Appx. 297 (5th Cir. 2013) *citing United States v. Cardenas–Alvarez*, 987 F.2d 1129, 1133–34 (5th Cir. 1993).

Finally, any equal protection challenge is likewise meritless.  The application of the 16 level enhancement set forth in USSG § 2L1.2(b)(1)(A) to petitioner does not violate equal protection because it treats all persons with qualifying serious prior offenses who commit a § 1326 offense equally. *Id. citing Cardenas–Alvarez*, at 1134.

To the extent that petitioner faults counsel for failing to raise this issue at sentencing or on appeal, that claim is without merit.  The Fifth Circuit rejected sentencing disparity arguments in 2008, five years before petitioner's sentencing in *United States v. Gomez–Herrera*, 523 F.3d 554 (5th Cir. 2008).  Counsel need not make a frivolous objections or file futile motions.  *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir.

2000) *citing Green*, 160 F.3d at 1037 ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness. . . ."); *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002) *citing Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir.1990) ("This Court has made clear that counsel is not required to make futile motions or objections."); *Paredes v. Quarterman*, 574 F.3d 281, 291 (5th Cir. 2009) (failure to raise a meritless objection does not satisfy the deficient performance prong of *Strickland*).

Moreover, appellate counsel is not ineffective for failing to present frivolous arguments on appeal. *Williams v. Collins*, 16 F.3d 626, 635 (5th Cir. 1994); *United States v. Garcia*, 348 Fed. Appx. 65, 66 (5th Cir. 2009) *citing United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (failure to raise legally meritless argument cannot support an ineffectiveness claim). The first *Strickland* prong is clearly not met.[4]

Based on the foregoing reasons, the undersigned recommends that Jose Francisco Martinez DeLeon's § 2255 Motion be **DENIED and DISMISSED WITH PREJUDICE** on the merits and alternatively, because petitioner's sentencing disparity claim is procedurally defaulted.

---

[4] Ineffective assistance of counsel claims are governed by the two pronged test set forth in *Strickland v. Washington*: (1) that the attorney's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §  2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the**

**time of filing.**

August 16, 2015, at Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE